TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-99-00788-CR

Roger O. Daugherty, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT

NO. 49,928, HONORABLE JOE CARROLL, JUDGE PRESIDING

A jury convicted appellant Roger O. Daugherty of aggravated assault and assessed
punishment at imprisonment for fifteen years. See Tex. Penal Code Ann. § 22.02 (West 1994). 
The only issue on appeal is whether the district court erred by refusing to grant appellant's motion
for a continuance. We will affirm.

Robert Lyall testified that appellant shot him three times with a pistol following a
brief argument. Another State witness testified that appellant showed her a pistol earlier that day
and made threatening remarks concerning Lyall. Appellant denied threatening Lyall, and testified
that he shot Lyall when Lyall attacked him with a trowel without provocation. The issue of self-defense was submitted to the jury.

The attorney who represented appellant at trial was appointed in May 1999, one
month after the shooting. On October 4, 1999, the day trial was scheduled to begin, counsel filed
a motion for continuance. As grounds, the motion said, "The Defendant has requested that his
counsel do additional investigation after defense counsel completed informal discovery with the
State . . . ." At the hearing on the motion, counsel stated, "[T]he things that we determined in
the discovery are the different identities of people who are connected with it, [appellant] raised
a request with me to follow up some additional loose ends prior to trial." Counsel added that
appellant "believes very strongly that there are some important issues that still need to be chased
down." The motion was overruled.

Appellant filed a motion for new trial complaining of the denial of a continuance. 
The motion stated that additional time had been needed "to locate witnesses as to the violent and
abusive character of the complainant . . . ." At the new trial hearing, trial counsel named several
persons he would have talked to had the continuance been granted, but there is no evidence that
any of these persons would have been able to offer testimony favorable to appellant.

The grant or denial of a motion for continuance is within the sound discretion of
the trial court. See Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). 
Appellant's motion did not comply with the statutory requisites. See Tex. Code Crim. Proc. Ann.
art. 29.06 (West 1989). A motion for continuance based on the absence of a witness that is filed
on the day trial is set to begin does not show the diligence required to support the motion. See
Dewberry v. State, 4 S.W.3d 735, 756 (Tex. Crim. App. 1999). To find an abuse of discretion
in refusing a continuance, there must be evidence that the defendant was prejudiced by his
counsel's inadequate preparation time. See Heiselbetz, 906 S.W.2d at 511. In the absence of a
showing of either diligence or prejudice, we conclude that the district court did not abuse its
discretion by overruling the motion for continuance and the later motion for new trial.

Having resolved the only issue on appeal adversely to appellant, we affirm the
judgment of conviction.

 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: August 10, 2000

Do Not Publish